905 F.2d 1538
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Laura Lynn REETZ, Plaintiff-Appellant,
v.
CITY OF DETROIT POLICE DEPARTMENT, Defendant-Appellee.
 No. 89-1562.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1990.
 
 E.D.Mich.
 AFFIRMED.
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Laura Lynn Reetz, a Michigan litigant proceeding through counsel, appeals the order of the district court granting defendant's motion for summary judgment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Reetz, a city of Detroit police officer, was fired for violating a city ordinance requiring police officers to reside within the city unless granted a specific exemption. She claimed that the defendant violated her constitutional rights to privacy, family and equal protection. She also asserted a state law claim that defendant discriminated against her because of her marital status.
 
 
 3
 The case was brought on for hearing pursuant to defendant's motion for summary judgment. At the conclusion of the hearing, the district court held that Reetz's federal claims were barred by the statute of limitations and, in addition, were meritless. Similarly, the court found Reetz's state law claim to be meritless.
 
 
 4
 Upon review, we find no error. Reetz's federal cause of action accrued on April 11, 1984, when she was ordered discharged. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980). Her suit was filed on May 3, 1988, which exceeds Michigan's three year limitation period. Mich.Comp.Laws Ann. Sec. 600.5805(8) (West 1987); Wilson v. Garcia, 471 U.S. 261 (1985).
 
 
 5
 Additionally, Reetz's state law claim is plainly meritless. She was not fired because she is married. She was fired for violating the residency requirement.
 
 
 6
 Accordingly, the district court's grant of summary judgment in favor of defendant is hereby affirmed for the reasons stated by the trial court at the April 3, 1988, hearing. Rule 9(b)(5), Rules of the Sixth Circuit.